HEIRS OF LUCAS P. VALDIVIESO, Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 17. Argued November 16, 1944.—Decided January 30, 1945.

*Fernando H. Usera* and *Leopoldo Tormes García* for petitioners.
*Erasto Arjona Siaca* for intervener, plaintiff in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

Genaro Velázquez filed the complaint herein in the Municipal Court of Ponce on August 13, 1942. He alleged that from August 7, 1935, until May 16, 1940, he worked for the defendant as watchman of Hacienda Dolores in the ward of Tallaboa of Peñuelas; that his work consisted in watching the establishments of the defendant and the cane plantations close thereto; that he started work at 6 o'clock in the afternoon and quitted at 6 o'clock next morning; and that his salary was eight dollars weekly. He further alleged that during the period between the two dates above mentioned he worked for the defendant 9,760 extra hours which at double compensation per hour (28 cents) amount to $2,732.80, and besides, that he was entitled to 357 days of rest at full salary, which rest he never enjoyed because he worked during those 357 days; and that the defendant owes him for the first item the said $2,732.80 and for the latter $406.98.

The defendant answered and admitted that the complainant had been its employee during the period covered by the above-mentioned dates and that his salary was at the rate of eight dollars weekly; but it alleged that the complainant was bound under the contract to work 8 hours daily, that he never worked more than said number of hours, and that he had received the weekly compensation agreed upon. It set up certain defenses which need not be considered for the purpose of this opinion.

The municipal court rendered judgment for the complainant. The defendant appealed to the district court, which found as follows: That under the contract of hire of services the complainant was bound to work only eight hours daily at a weekly salary of eight dollars, that is, at the rate

of $1.14 per day of 8 working hours; that during the period alleged in the complaint the complainant worked 1,591 days of twelve working hours; that since the salary was at a rate of $1.14 per day of 8 working hours, his hourly wage was at the rate of 14 cents; that since he worked 1,591 days, he was entitled to 1,591 ninth hours which at double compensation, that is, 28 cents per hour, amount to $445.48; that during that same period he worked three extra hours, that is, those after the ninth hour, which computed at the regular compensation amount to $668.22; and, lastly, that during that same period he worked 223 Sundays (which he was not bound to work, because according to the court he was entitled to a full salary without working) which at the rate of $1.14 each, amount to $254.22. The three items amount to $1,367.92, for which sum and costs the district court rendered judgment for the complainant. Pursuant to Act No. 32 of 1943, the defendant filed this certiorari proceeding.

 Relying on the cases of *Cardona* v. *District Court,* 62 P.R.R. 59, and *Muñoz* v. *District Court,* 63 P.R.R. 226, the petitioner alleges that the district court erred: (1) in holding that the contract of hire of services was on the basis of eight dollars for seven days of eight working hours each, when in fact the agreement between the parties, according to the testimony of complainant himself, was that the latter should work from 6 o'clock in the afternoon to 6 o'clock next morning during seven days at the weekly salary already mentioned; (2) in granting compensation for 4,773 extra hours after the ninth hour, inasmuch as said hours were included in the salary agreed upon; and (3) in adjudging the petitioner to pay the amount of $254.22 for the alleged 223 Sundays at the rate of $1.14 each without considering that the complainant was a farm laborer.

Although it is true that in its answer the defendant alleged that the contract of hire of services was for eight working hours daily and that the complainant never worked

more than said number of hours, yet from the testimony of complainant himself it conclusively appears that he earned a salary as watchman from 6 o'clock in the afternoon until 6 o'clock next morning. The fact that the defendant alleged that the contract was for eight hours and that the complainant never worked more than said number of hours, does not controvert the averment in the complaint drawn up by an able lawyer, from which complaint it appears that complainant's work was from 6 o'clock in the afternoon to 6 o'clock next morning. Neither does it destroy to the benefit of the complainant, what he himself testified at the trial in this regard.[1] This being so, the working hour should have been computed, as alleged by the defendant and decided by this court in the cases of Cardona, *supra*, Muñoz, *supra*, and others, at the rate of $1.14 divided by 12 (the number of hours stipulated), that is, 9½ cents; but since the complainant received compensation for the ninth hour at the regular rate when he was paid the agreed salary, in order to complete the double compensation due him, the regular rate should be multiplied by 1,591 ninth hours, which amounts to $151.15, instead of the $445.48 which the court granted for that item.

As to the extra hours after the ninth hour, relying once more on the cases of Cardona, *supra*, Muñoz, *supra*, and other recent ones, we feel bound to conclude that said extra hours were included in the weekly salary of eight dollars paid to the complainant.[2]

Lastly, the item of $254.22 granted by this court for 223 days of rest which the district court erroneously referred to as Sundays, does not lie either because the complainant, due to the nature of his work, is not included

[1] The truth is that the court does not give credit to complainant's testimony, in so far as it is prejudicial to him, to the effect that his contract was for 12 hours, but believes him in so far as it is beneficial to him when he testified that he worked 12 hours daily.

[2] The complainant vigorously challenged this phase of the decisions above quoted, but we are not convinced that our ruling should be disturbed.

among those entitled to one day of rest at full salary for every six days of work. *Parrondo* v. *L. Rodríguez & Co.*, *ante,* p. 418, decided January 17, 1945.

For the foregoing reasons the case is remanded to the district court with instructions to modify the former judgment so as to adjudge the defendant to pay the complainant the amount of $151.15.